UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JPM RESTORATION, INC., *doing business as* Servpro of Duncanville/DeSoto, | § § § | |
| Plaintiff and Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-3160-B |
| ARES LLC, *doing business as* Aardex Real Estate Services, LLC, | § § § § | |
| Defendant and Counter-Plaintiff. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff JPM Restoration, Inc. (JPM)'s Motion to Dismiss Defendant's Counterclaims (Doc. 7). JPM moves to dismiss Defendant ARES, LLC (ARES)'s breach-of-contract and unjust-enrichment counterclaims for failure to state a claim upon which relief may be granted. For the reasons explained below, the Court **GRANTS IN PART** and **DENIES IN PART** JPM's motion. Specifically, the Court **DENIES** JPM's motion to dismiss ARES's breach-of-contract counterclaim and **GRANTS** JPM's motion to dismiss ARES's unjust-enrichment counterclaim. Further, the Court provides ARES with leave to amend and **ORDERS** ARES to file an amended pleading within **FOURTEEN** days of the date of this Order.

### I.

### BACKGROUND[1]

This is a dispute about payment owed under a contract for emergency cleanup of an office

---

[1] The Court draws its factual account from the parties' pleadings.

building. ARES is the property manager of a Dallas building that provides officing for various federal agencies. Doc. 2, Answer, 8–9. On January 24, 2019, the building's plumbing system ruptured. *Id.* at 9. Water flooded the building, "caus[ing] significant damage to the building" and its contents. *Id.* Shortly thereafter, an ARES employee contacted JPM, which provides "emergency water cleanup and mitigation services." *Id.* at 2, 9; Doc. 1-3, Pet., 2. The employee signed a service contract with JPM ("the Contract") under which ARES would pay JPM for cleanup services specified in an attachment to the Contract ("the Scope of Work Attachment"). *See* Doc. 2-1, Answer, Ex. 1, 1. Of note here, the Scope of Work Attachment lists services such as: "contents storage as requested for repairs and mitigation"; "moving of contents offsite and within the facility to perform necessary mitigation"; and "packing services for personal property to allow completion of mitigation[.]" *Id.* at Ex. 1, Ex. A.

JPM alleges that although it has performed the agreed-upon services under the Contract, ARES refuses to pay JPM "for its packing, moving, and storage services." Doc. 1-3, Pet., 3. Consequently, JPM filed an action against ARES in Texas state court to recover "all outstanding amounts due under the Contract . . . ." *Id.* at 2, 4. In its state-court petition, JPM asserted claims for breach of the Contract and, "[i]n the alternative," "Quantum Meruit/Unjust Enrichment." *Id.* at 5–6.

On October 16, 2020, ARES timely removed the case to this Court based on diversity jurisdiction. *See generally* Doc. 1, Notice of Removal. Subsequently, ARES filed an answer and counterclaims. *See generally* Doc. 2, Answer. ARES alleges that JPM violated the Scope of Work Attachment by removing tenant property from the building without ARES's request and despite ARES's instruction to move property "to other, unaffected floors of the building rather than take

property offsite." *Id.* at 10–11. After ARES demanded the return of some stored property and the destruction of other stored property, it alleges, JPM "returned certain government-owned property" but "refused to destroy the remaining property[.]" *Id.* at 11. According to ARES, a few months after this dispute, JPM provided an invoice that "reflected a write-off of the accrued storage charges," *id.*, and ARES paid the invoice "in full." *Id.* at 7. Nearly one year later, ARES alleges, JPM "demand[ed] payment of the improper storage charges." *Id.* at 11.

Based on its allegation that the storage charges are improper, ARES brings two counterclaims against JPM. First, ARES alleges JPM breached the Contract by violating the Scope of Work Attachment "and generating improper fees . . . , which ARES paid." *Id.* at 12. Second, ARES brings an unjust-enrichment claim, alleging that JPM "received a benefit by fraud, duress, or taking undue advantage[.]" *Id.* at 13.

JPM filed a motion to dismiss ARES's counterclaims (Doc. 7), and ARES filed a brief in response (Doc. 9). Because JPM's deadline to file a reply brief has passed, its motion is now ripe for review.

## II.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The court's review [under Rule 12(b)(6)] is limited to the complaint, any documents

attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and* referenced by the complaint." *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (emphasis added) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (cleaned up).

## III.

## ANALYSIS

In sum, because the Court concludes ARES has adequately alleged the performance and damages elements of its breach-of-contract counterclaim, it denies JPM's motion to dismiss this counterclaim. Further, because the parties allege that the Contract governs this dispute, and ARES fails to sufficiently allege overpayment on the Contract, the Court grants JPM's motion insofar as it seeks dismissal of the unjust-enrichment counterclaim. Nevertheless, the Court grants ARES's request for leave to amend.

A.   *The Court Denies JPM's Motion to Dismiss ARES's Breach-of-Contract Counterclaim.*

JPM first moves to dismiss ARES's breach-of-contract counterclaim. Doc. 7, Mot., 3. Under Texas law, a breach-of-contract claim requires the claimant to show: "(1) the existence of a valid contract; (2) performance or tendered performance by the [claimant]; (3) breach of the contract by the defendant; and (4) damages sustained by the [claimant] as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quotation marks omitted) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). JPM contends that ARES fails to sufficiently allege performance and damages. But upon review of ARES's allegations, the Court concludes ARES has adequately pleaded both elements.[2]

First, contrary to JPM's contention, *see* Doc. 7, Mot., 4, ARES sufficiently alleges its performance under the Contract. As ARES notes, it alleges that it has performed under the Contract and, more specifically, that it has paid JPM. Doc. 9, Resp., 2; *see* Doc. 2, Answer, 7, 11–12 (alleging ARES paid an invoice from JPM). Under the Contract, ARES's primary obligation is payment to JPM. *See* Doc. 2-1, Ex. 1, 1 ("[ARES] agrees to pay such fees and charges for the Scope of Work[.]"). JPM has not explained why these allegations are insufficient to support the performance element of ARES's counterclaim. Viewing ARES's allegation of payment in the light most favorable to ARES, the Court concludes ARES sufficiently alleged its performance under the Contract.

Likewise, ARES adequately pleaded that it suffered damages. Specifically, ARES alleges that due to JPM's alleged breach of the Contract, JPM has "generat[ed] improper fees . . . , which ARES

---

[2] The Court addresses the sufficiency of ARES's allegations with respect to only the two elements challenged by JPM: performance and damages.

paid." Doc. 2, Answer, 12. JPM fails to address this allegation of payment. *See* Doc. 7, Mot., 5 (addressing only ARES's allegation that it has incurred attorneys' fees). Based on ARES's allegation that it paid improper fees, the Court holds ARES has sufficiently alleged damages. *See Hong Kong Aroma Star Int'l LLC v. Elta MD Inc.*, 2020 WL 619818, at *3 (N.D. Tex. Feb. 7, 2020) ("In pleading damages, a plaintiff need not allege an exact number. Rather, the plaintiff must allege a plausible, non-speculative claim for damages." (citation and quotation marks omitted)).

Because the Court holds that ARES sufficiently pleaded performance and damages, it **DENIES** JPM's motion to dismiss ARES's breach-of-contract counterclaim.

B.   *The Court Grants JPM's Motion to Dismiss ARES's Unjust-Enrichment Counterclaim.*

JPM also moves to dismiss ARES's unjust-enrichment counterclaim. Doc. 7, Mot., 5. In support of dismissal, JPM argues that unjust enrichment is not an independent cause of action in Texas and that even if it is, ARES's unjust-enrichment claim fails because the parties agree that a valid contract governs the action. *Id.* at 5–6.

With respect to JPM's first argument, the Court declines to hold that Texas law forecloses a cause of action for unjust enrichment. The Fifth Circuit has noted that "[c]ourts of appeals in Texas appear split on whether unjust enrichment is an independent cause of action," and the Texas Supreme Court has not resolved the issue. *Elias v. Pilo*, 781 F. App'x 336, 338 n.3 (5th Cir. 2019) (per curiam) (collecting cases). Given the uncertainty surrounding whether unjust enrichment is an independent cause of action, the Court will not dismiss ARES's counterclaim on this basis. Rather, the Court assumes, at the motion-to-dismiss stage, that unjust enrichment may serve as a standalone cause of action in Texas.

Nevertheless, the Court concludes that ARES has not sufficiently pleaded its unjust-enrichment claim given that it alleges a contract governs this dispute. "In Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) (citations omitted). Thus, in general, unless one party "disputes the existence of a contract that governs the parties' relationship," ARES cannot maintain an unjust-enrichment counterclaim—even if pleaded in the alternative. *See TIB—The Indep. BankersBank v. Canyon Cmty. Bank*, 13 F. Supp. 3d 661, 672 (N.D. Tex. 2014). Despite this general rule, "the Texas Supreme Court has held that 'in some circumstances, overpayments under a valid contract may give rise to a claim for . . . unjust enrichment.'" *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (quoting *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 469–70 (Tex. 1998)); *see Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (citing *Southwestern Electric* for the proposition that "overpayments under a contract can be recovered under a theory of . . . unjust enrichment"); *see also Norhill Energy LLC v. McDaniel*, 517 S.W.3d 910, 919 (Tex. App.—Fort Worth 2017, pet. denied) (citation omitted).

Here, however, ARES alleges the existence of a valid contract governing the dispute and fails to allege facts sufficient to suggest overpayment. First, ARES alleges that its dispute with JPM is governed by the Contract. *See* Doc. 2, Answer, 9–12. And based on the pleadings, neither party disputes the validity of the Contract. *See generally* Doc. 1-3, Pet.; Doc. 2, Answer. Second, while ARES alleges that it has paid an invoice and "improper fees," under the Contract, Doc. 2, Answer, 7, 11–12, ARES fails to allege *overpayment*—that it has paid all that it owes under the Contract plus

more. *See Gordon v. QuickSilver Jet Sales, Inc.*, 2010 WL 11506417, at *8 (W.D. Tex. May 19, 2010) (distinguishing the payment of unauthorized charges from overpayment on the contract at issue). In light of the allegations of a valid, governing contract and ARES's failure to sufficiently allege overpayment, the Court **GRANTS** JPM's motion to dismiss ARES's unjust-enrichment counterclaim and **DISMISSES** this unjust-enrichment claim **WITHOUT PREJUDICE**.

C.   *The Court Grants ARES One Opportunity to Amend its Unjust-Enrichment Claim.*

In its response, ARES asks that the Court permit ARES to re-plead its claims in light of any deficiencies noted in this Order. Doc. 9, Resp., 5. Given that this is the Court's first consideration of the sufficiency of ARES's allegations, the Court provides ARES with one opportunity to re-plead its unjust-enrichment counterclaim if it is able to do so in a manner consistent with this Order. The Court **ORDERS** ARES to file an amended pleading containing its counterclaims within **FOURTEEN** (14) days of the date of this Order. ARES must file an amended pleading setting forth its counterclaims irrespective of whether it elects to proceed only with its breach-of-contract counterclaim or re-plead its unjust-enrichment counterclaim.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** JPM's motion to dismiss (Doc. 7). Because ARES adequately alleges the performance and damages elements of its breach-of-contract counterclaim, the Court **DENIES** JPM's motion to dismiss this counterclaim. Next, since both parties agree that the Contract governs this dispute, and ARES does not adequately allege overpayment on the Contract, the Court **GRANTS** JPM's motion insofar as it seeks dismissal of ARES's unjust-enrichment counterclaim. Nevertheless, the Court grants ARES

one opportunity to amend its unjust-enrichment counterclaim. The Court **ORDERS** ARES to amend its counterclaims within **FOURTEEN** days of the date of this Order.

SO ORDERED.

SIGNED: February 10, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE